# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Marvin B. Dinsmore and<br>(2) Sheridan Downey, III,<br>as Administrators of the Estate of David D. Dinsmore, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>(1) Scissortail Energy, LLC,<br><br>                     Defendant. | Case No. CIV 22-352-GLJ<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs Marvin B. Dinsmore and Sheridan Downey, III, as Administrators of the Estate of David D. Dinsmore ("Plaintiffs" or the "Estate"), on behalf of themselves and all others similarly situated, brings this Class Action Complaint against Scissortail Energy, LLC ("Scissortail" or "Defendant"), and allege and state the following.

### SUMMARY OF ACTION

1. This class action concerns Defendant's willful and ongoing violations of Oklahoma law related to the payment of oil-and-gas production proceeds to those entitled to the proceeds.

2. Oklahoma's Production Revenue Standards Act ("PRSA") requires holders of proceeds, like Defendant here, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute. 52 O.S. § 570.10(D).

3. The PRSA imposes automatic interest on late payments. Compliance with the PRSA is not optional, and the statute contains no demand requirement before an owner is entitled to statutory interest.

4. Defendant knows it is bound by statute to pay interest on late payments, but it has consistently ignored these obligations and blatantly violated Oklahoma law.

5. Defendant does not automatically pay interest on all late payments. Instead, upon information and belief, it only pays interest to owners who demand it.

6. For these reasons, Plaintiffs file this class action against Defendant to obtain relief for themselves and all similarly situated owners who received late payments for which Defendant did not pay interest as required by the PRSA.

7. Plaintiffs file this class action against Defendant for breach of its statutory obligation to pay interest.

**PARTIES**

8. Marvin B. Dinsmore and Sheridan Downey, III were appointed as Administrators of the Estate of David D. Dinsmore on September 17, 2021.

9. The Estate owns interests in Oklahoma oil-and-gas properties for which Defendant purchased production and owed a duty under Oklahoma law to remit payment to the Estate.

10. Scissortail Energy, LLC is a limited liability company organized under Delaware law with its principal place of business in Houston, Texas. Defendant may be served with process by serving its registered agent, Capitol Document Services, Inc., 1833 S. Morgan Rd., Oklahoma City, OK 73128.

11. Defendant is, *inter alia*, in the business of purchasing oil-and-gas from the oil-and-gas properties in which the Class members hold interests, and Defendant further remits proceeds to Class Members.

12. At all times relevant to the claims asserted in this Complaint, Defendant was obligated to pay oil-and-gas proceeds to Plaintiff and the putative class.

## JURISDICTION & VENUE

13. The preceding allegations are incorporated by reference.

14. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the class and Defendant are citizens of different states.

15. This Court has personal jurisdiction over Defendant because it operates in Oklahoma and because it distributes oil-and-gas proceeds across Oklahoma.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in, or a substantial part of property that is the subject of this action is situated in, this District.

## FACTUAL ALLEGATIONS

17. The preceding allegations are incorporated by reference.

18. The Estate owns mineral interests, as joint tenants, in wells from which Defendant purchases production, including, *inter alia*, the Bloom #1 well located in Hughes County, Oklahoma.

19. As of the most recently available information, the Bloom #1 well remains active and continues to produce natural gas.

20. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

21. When a holder of proceeds fails to pay oil-and-gas proceeds within those timelines (*i.e.*, when the holder makes a late payment), the holder automatically owes interest on the late payment. *See id.* § 570.10(D)(1)–(2).

22. Further, when a holder of proceeds sends oil-and-gas proceeds to the relevant state as unclaimed property, the holder must pay interest on those proceeds from the date the interest payment is late under the PRSA through the date the holder remits those proceeds as unclaimed property. *Cline v. Sunoco, Inc.*, 479 F. Supp. 3d 1148, 1174 (E.D. Okla. 2020).

23. Despite this clear statutory obligation, Defendant does not automatically pay interest on all late payments. Instead, upon information and belief, Defendant only pays statutory interest to owners who demand it, even though the statute contains no such demand requirement.

24. For example, on a check dated December 1, 2022, Defendant remitted proceeds to the Estate for natural gas produced and sold, *inter alia*, from 2017–2021 from the Bloom #1 well in Hughes County, Oklahoma, without including interest.

25. Though Defendant remitted proceeds for the Estate's benefit beyond the timeline permitted under the PRSA, Defendant has not paid the statutory interest owed to the Estate on these late payments.

26. Defendant is well aware of its obligations under the PRSA.

## CLASS ACTION ALLEGATIONS

27. The preceding allegations are incorporated by reference.

28. Plaintiffs bring this action on behalf of themselves and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who: (1) received Late Payments from Defendant (or Defendant's designee) for oil-and-gas proceeds from Oklahoma wells; or whose proceeds were sent as unclaimed property to a government entity by Defendant (or Defendant's designee); and (2) who have not already been paid statutory interest on the Late Payments. A "Late Payment" for purposes of this class definition means payment of proceeds from the sale of oil or gas production from and an oil-and-gas well after the statutory periods identified in Okla. Stat. tit. 52, § 570.10(B)(1) (*i.e.*, commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold). Late Payments do not include: (a) payments of proceeds to an owner under Okla. Stat. tit. 52, 570.10(B)(3) (minimum pay); (b) prior period adjustments; or (c) pass-through payments.

> Excluded from the Class are: (1) Defendant, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma.

29. Upon information and belief, absent Class members entitled to interest owing on Defendant's late payments number in the thousands. Upon information and belief, Defendant purchases production from over 1,000 wells in Oklahoma. Thus, the Class is so numerous that joinder of all members is impracticable.

30. The questions of fact and law common to the Class include:

   a. Whether Plaintiffs and the Class own legal interests in the Oklahoma properties upon which Defendant has an obligation to pay oil-and-gas proceeds;

   b. Whether, under Oklahoma law, Defendant owed interest to Plaintiffs and the Class on any late payments under the PRSA;

  c. Whether Defendant's failure to pay interest to Plaintiffs and the Class on any late payments constitutes a violation of the PRSA;

  d. Whether Defendant is obligated to pay interest on future late payments under the PRSA.

31. Plaintiffs' claims are typical of the Class because each Class member's claims are identical.

32. Defendant treated Plaintiffs and the Class in the same way by failing to pay the required interest on late payments under the PRSA.

33. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict with the interests of the Class. Plaintiffs are represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

34. The averments of fact and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

  b. To Plaintiffs' knowledge, there is not a certified class with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owing on the late payment of oil-and-gas proceeds as required by law;

  c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

  d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each

    and every Class member—not only those who can afford to bring their own actions; and

  e. Absent a class action, Plaintiffs and the Class members may never fully discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

36. The preceding allegations are incorporated by reference.

37. Plaintiffs bring this cause of action on behalf of themselves and the Class.

38. Plaintiffs and the Class were legally entitled to the payments of oil-and-gas proceeds from Defendant.

39. Section 570.10 of the PRSA requires Defendant to pay oil-and-gas proceeds according to the applicable statutory time periods.

40. The PRSA further requires Defendant to automatically pay interest when it makes payments outside of the applicable statutory time periods.

41. Defendant failed to timely pay oil-and-gas proceeds it owed to Plaintiffs and the Class.

42. In violation of the PRSA, when Defendant ultimately made its late payments to Plaintiffs and the Class, Defendant did not pay the interest required by the PRSA.

43. Defendant's failure to pay interest under the PRSA was knowing and intentional. Defendant is aware of its statutory obligations to automatically pay interest on late payments, but instead, upon information and believe, only pays interest when owners demand it.

44. Defendant's failure to pay interest it owes under the PRSA has caused Plaintiffs and the Class to suffer harm.

## JURY DEMAND

45. Under Fed. R. Civ. P. 28, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs seek:

1. An order certifying and allowing this case to proceed as a class action with Plaintiffs as class representatives and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiffs and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Defendant's breaches and unlawful conduct, including, without limitation, the compounded interest on late payments as required by law;

3. An order requiring Defendant to pay interest in the future, as required by law, to Plaintiffs and the Class;

4. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Defendant's wrongful acts, as alleged in this Complaint;

5. An order requiring Defendant to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

 

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D

Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan@bradwil.com
ryan@bradwil.com

*–and–*

James U. White, Jr., OBA #9545
JAMES U. WHITE, JR., INC.
P.O. Box 54783
Oklahoma City, Oklahoma 73154
Telephone: 405-842-7545
jwhite@wcgflaw.com

**COUNSEL FOR PLAINTIFFS**